1  Stephen M. Doniger, Esq. (SBN 179314)
2  Scott A. Burroughs, Esq. (SBN 235718)
   DONIGER LAW FIRM
3  300 Corporate Pointe, Suite 355
   Culver City, California 90230
4  Telephone (310) 590-1820
5  Facsimile  (310) 417-3538
   Email: Stephen@donigerlawfirm.com
6  Email: Scott@donigerlawfirm.com

7

8  Attorneys for Plaintiff



9

10

11

12

               UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT OF CALIFORNIA

13 L.A. PRINTEX INDUSTRIES, INC., a        Case No.: CV 05-0319 GHK (SHx)
   California Corporation,

14                                          PLAINTIFF'S SECOND AMENDED
                                             COMPLAINT FOR:
15                              Plaintiff,
                                            1. COPYRIGHT INFRINGEMENT
16 vs.
                                            2. CONTRIBUTORY COPYRIGHT
17                                             INFRINGEMENT.
   VOLUME ONE, INC., A California
18 Corporation; BURLINGTON COAT            Jury Trial Demanded
   FACTORY WAREHOUSE, INC., a
19 California Corporation; MAY
   DEPARTMENT STORES CO., a
20 Missouri Corporation; FASHION BUG,
   INC., a California Corporation;
21 CHARMING SHOPPES OF
22 DELAWARE, INC., a Delaware
   Corporation; CHARMING SHOPPES
23 DISTRIBUTION, INC., a Delaware
24 Corporation; and DOES 4 through 10,

25

26 Defendants.

27

28



                              1
                    SECOND AMENDED COMPLAINT

L.A. Printex Industries, Inc. ("Plaintiff"), by and through its undersigned attorneys, for its complaint herein respectively alleges as follows:

## INTRODUCTION

Plaintiff designs, silk-screens and manufactures rotary printed textiles, primarily for use in the garment industry. This action is brought to recover damages for copyright infringement and contributory copyright infringement based on the misappropriation of Plaintiff's intellectual property.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331m and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff L.A. Printex Industries, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3270 East 26th Street, Vernon, California 90023.

5. Plaintiff is informed and believes and thereon alleges that Defendant BURLINGTON COAT FACTORY WAREHOUSE, INC. ("BURLINGTON") is a corporation organized and existing under the laws of the State of California and having its principal place of business at 1830 Route 130 North, Burlington, New Jersey.

6.  Plaintiff is informed and believes and thereon alleges that Defendant MAY DEPARTMENT STORES, CO. ("MAY CO.") is a corporation organized and existing under the laws of the State of Missouri and having its principal place of business at 611 Olive Street, St. Louis, Missouri 63101-1703.

7.  Plaintiff is informed and believes and thereon alleges that Defendant FASHION BUG, INC. ("FASHION BUG") is a corporation organized and existing under the laws of the State of California with its principal place of business at 3750 State Road, Bensalem, Pennsylvania 19020.

8.  Plaintiff is informed and believes and thereon alleges that Defendant VOLUME ONE APPAREL, INC. ("VOLUME ONE") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 4160 Bandino, Blvd., Los Angeles, CA 90023.

9.  Plaintiff is informed and believes and thereon alleges that Defendant CHARMING SHOPPES, INC. ("CHARMING SHOPPES") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Delaware.

10. Plaintiff is informed and believes and thereon alleges that Defendant CHARMING SHOPPES OF DELAWARE, INC. ("CHARMING DELAWARE") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Delaware.

11. Plaintiff is informed and believes and thereon alleges that Defendant CHARMING SHOPPES DISTRIBUTION, INC. ("CHARMING DISTRIBUTION") is a corporation organized and existing under the laws    of the State of Delaware with its principal place of business located in Delaware.

12. Plaintiff is informed and believes and thereon alleges that Defendants DOES 4 through 6, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with

Plaintiff's copyrighted Design No. D40084 (as hereinafter defined) without Plaintiff's knowledge or consent or with have contributed to said infringements of Plaintiff's copyrighted Design No. D40084. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint this complaint to show their true names and capacities when same have been ascertained.

13. Defendants DOES 7 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

14. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN No. D40084

15. Prior to the conduct complained of herein, Plaintiff created a design assigned Plaintiff's Internal Design Number D40084 ("Design D40084").

16. Plaintiff applied for and received copyright registration for Design D40084, with assignment of Registration No. Vau-612-272.

17. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, sold through retail stores garments comprised of fabric featuring a design which is identical to or substantially similar to Design D40084. (hereinafter "Design D40084 Infringing Garments").

18. During and between the months of June and December of 2004, at various Defendant retail stores, and each of them, across the United States, one or more of Plaintiff's employees found and purchased garments comprised of fabric bearing Plaintiff's Design D40084, which garments bore and were manufactured under a number of labels. Plaintiff is informed and believes and thereon alleges that one or more of the named Defendants owns and/or otherwise controls these labels and also manufactures garments under those labels.

19. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant VOLUME ONE manufactured, sold, and/or distributed Design D40084 Infringing garments.

20. In or about Fall, 2004, Plaintiff delivered to Defendants, and each of them letters demanding that they cease and desist from all sales of Design D40084 Infringing Garments and demanded a full accounting of said garments bought and sold, profits derived therefrom, and identification of the vendor who sold them said garments.

21. Plaintiff is informed and believes and thereon alleges that, in spite of their receipt of the aforementioned cease and desist demand letters from Plaintiff, Defendants continued to sell Design D40084 Infringing Garments in its retail stores in violation of Plaintiff's rights as the copyright proprietor and owner of Design D40084.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

22. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 21, inclusive, of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, had access to Design D40084, including, without limitation, through (a) access through Plaintiff's showroom; (b) access through illegal copies by other vendors and/or DOE Defendants; and (c) access through Plaintiff's strike-offs and samples.

24. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Design D40084 in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Design D40084.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by making derivative works from Design D40084 and by producing, distributing and/or selling Design D40084 Infringing Garments through numerous retail stores.

26. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, if not directly liable for infringement of Plaintiff's copyright in Design D40084, are vicariously liable for said infringements because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

27. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

1      28.Due to Defendants' acts of infringement, Plaintiff has suffered general and

2  special damages all to an amount to be established at trial.

3      29.Due to Defendants' acts of copyright infringement as alleged herein,

4  Defendants and each of them, have obtained direct and indirect profits they would

5  not otherwise have realized but for their infringement of Design D40084. As such,

6  Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly

7  attributable to Defendant's infringement of design D40084, in an amount to be

8  established at trial.

9      30.Plaintiff is informed and believes and thereon alleges that Defendants, and

10  each of them, have continued to manufacture and/or sell Design D40084 Infringing

11  Garments after Plaintiff demanded that they cease and desist. Therefore, Defendant'

12  acts of copyright infringement as alleged above were and are willful, intentional and

13  malicious, subjecting Defendants, and each of them, to liability therefore, including

14  statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one

15  hundred fifty thousand dollars ($150,000) per infringement. Within the time

16  permitted by law, Plaintiff will make its election between actual damages and

17  statutory damages.

18                     **SECOND CLAIM FOR RELIEF**

19         (For Contributory Copyright Infringement Against All Defendants)

20      31.Plaintiff repeats, realleges and incorporates herein by reference as though

21  fully set forth the allegations contained in Paragraphs 1 through 30, inclusive, of this

22  Complaint.

23      32.Plaintiff is informed and believes and thereon alleges that Defendants

24  knowingly induced, participated and aided and abetted in, and profited from, the

25  copying and/or subsequent selling of garments featuring Design D40084 as alleged

26  hereinabove.

27      33.By reason of the Defendant's acts of contributory infringement as alleged

28  above, Plaintiff has suffered and will continue to suffer substantial damages to its

business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Design D40084. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of design D40084, in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Design D40084 Infringing Garments after Plaintiff demanded that they cease and desist. Therefore, Defendant' acts of copyright infringement as alleged above were and are willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

***Against All Defendants***

1. With respect to Each Claim for Relief

    a. That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

SECOND AMENDED COMPLAINT

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: May 23, 2006          DONIGER LAW FIRM

Scott A. Burroughs
Attorneys for Plaintiff
L.A. PRINTEX INDUSTRIES, INC.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated: May 23, 2006          DONIGER LAW FIRM

Scott A. Burroughs
Attorneys for Plaintiff
L.A. PRINTEX INDUSTRIES, INC.

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the County of Los Angeles, State of California. I am over the age of 18

4

and not a party to the within action; my business address is: Law Offices of Stephen M.
Doniger, 300 Corporate Pointe, Suite 355, Culver City, California 90230.

5

6

     On May **24**, 2006, I served the attached document described as **SECOND
AMENDED COMPLAINT** on all interested parties in this action:

7

8

Jonathan Hangartner, Esq.
Sheppard Mullin Richter & Hampton, LLP

9

501 W. Broadway, 19th Floor
San Diego, CA 92101-3589

10

Fax: 619-234-3815

11

Patrick A. Long, Esq.

12

Long, William & Delis
Royal Airport Center

13

5 Hutton Center Drive, Ste. 1000
Santa Ana, CA 92707

14

15

☒by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the
attached mailing list.

16

☒ by placing ☐ the original ☒a true copy thereof enclosed in sealed envelopes addressed as

17

follows:
☒ BY MAIL

18

     ☐ I deposited such envelope in the mail at Los Angeles, California. The envelope was
mailed with postage thereon fully prepaid.

19

☐BY FACSIMILE

20

     ☐ On this date I caused to be transmitted to the above-mentioned Facsimile Number the
above-referenced document.

21

     ☒As follows: I am "readily familiar" with the firm's practice of collection and

22

processing correspondence for mailing. Under that practice it would be deposited with the U.S.
postal service on that same day with postage thereon fully prepaid at Los Angeles California in

23

the ordinary course of business. I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one day after date

24

of deposit for mailing in affidavit.
     EXECUTED May **24**, 2006 in Culver City, California.

25

☒ I declare under penalty of perjury under the laws of the State of California that the above is
true and correct. I further declare that I am employed in the offices of a member of the California

26

Bar, at whose direction this service was made.

27

_Danica Dias_        _Danicas_

28

   NAME                 SIGNATURE